# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT SCHATZ, M.D.,

      Plaintiff,

vs.                                                 CIV 99-805 KBM/LCS

CARLSBAD MEDICAL CENTER, LLC,
a Delaware limited liability company, and
TOM McCLINTOCK,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

THIS MATTER came on for consideration of Plaintiff's Motion to Disqualify Opposing Counsel from Representation Pursuant to Rule 16-107(B) NMRA *(Doc. 28)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken and will be denied.

Plaintiff is suing the defendant medical center ("CMC") and its CEO during the relevant time period for breach of employment contract. Both defendants are represented by the same law firm – Atwood, Malone, Turner & Sabin, P.A. Plaintiff is concerned that not only a possible but actual conflict of interest between the co-defendants precludes dual representation in this matter.

Plaintiff mistakenly asserts that "CMC is contending that Mr. McClintock exceeded the scope of his authority by entering into a contract with Dr. Schatz, and that should any liability attach, it should fall on Mr. McClintock, not CMC.." *Id.* To the contrary, the defendants have mounted a unified defense and have consistently taken the position that McClintock's action were

within the scope of the authority granted by CMC. Only the plaintiff, Dr. Schatz, contends that McClintock "held himself out as the 'man' responsible for and vested with the authority to enter into a binding contract." *Plaintiff's Brief in Support at 3*. Both defendants, however, maintain that McClintock always acted within the scope of his authority and never represented to Plaintiff that he, as CEO, could enter into a binding agreement in the absence of approval of the proposed contract by CMC's Legal Counsel.[1] Thus, the co-defendants have not taken contrary positions which would create a conflict of interest requiring disqualification of counsel. To the extent that Plaintiff speculates that a conflict of interest may arise in the future, it is just that – mere speculation.

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Disqualify Opposing Counsel from Representation Pursuant to Rule 16-107(B) NMRA *(Doc. 28)* be, and hereby is, **denied.**

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff also relies on the deposition testimony of Ms. Sharon Richey, a CMC administrator, as indicating a lack of community of interest between the defendants. Ms. Richie testified that the <u>current</u> form for physician employment contracts contains three rather than two signature blocks and that the physician <u>now</u> signs the document only after the CEO and hospital legal counsel have signed off on the contract. I simply fail to comprehend how Plaintiff believes that this testimony as to a change in procedure amounts to a repudiation that Defendant McClintock acted at all relevant times within the scope of his authority.

-2-

Counsel for Plaintiff:	Roger E. Michener
	MICHENER & PARNALL, LLC
	Placitas, New Mexico

Counsel for Defendants:	Rod M. Schumacher and Byron R. Hammer
	ATWOOD, MALONE, TURNER & SABIN, P.A.
	Roswell, New Mexico