IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT SCHATZ, M.D.,

        Plaintiff,

v.                                        CIV 99-805 KBM

CARLSBAD MEDICAL CENTER, LLC,
a Delaware limited liability company, and
TOM MCCLINTOCK,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants' Motion for Summary Judgment *(Doc. 47)*. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties and the relevant authorities. The Court finds that the motion is well taken in part and will be granted in part.

### I. Background

California cardiologist Robert Schatz ("Dr. Schatz") alleges that he and Defendants negotiated and reached an agreement for him to open a private practice in the Carlsbad community where he would also perform certain diagnostic procedures. He contends that Defendants are liable to him for damages based upon breach of a written contract, breach of a contract created by promissory estoppel, and negligent and/or material misrepresentation.

During January through April 1999, Defendant Carlsbad Medical Center ("CMC") actively recruited Dr. Schatz. In his numerous visits to the Carlsbad area, Dr. Schatz met

primarily with its then chief administrator, Defendant Tom McClintock ("McClintock").  CMC was seeking a cardiovascular physician – specifically, an invasive cardiologist who would also supervise a cardiac catheterization laboratory to be developed at the medical center.

Several documents were executed by Dr. Schatz and McClintock in his capacity as the chief administrator.  These include a Recruiting Agreement, a Professional Services Agreement, and numerous addenda.  On April 21, 1999, the day before Dr. Schatz was scheduled to move to Carlsbad, he was informed by McClintock that "there was more work to do" regarding the agreement.  In a May 10, 1999 letter to McClintock, Dr. Schatz proposed for new terms and conditions for the Recruiting Agreement and Professional Services Agreement.  To make a long story short, Dr. Schatz continues to practice in California.

## II.  Standard for Summary Judgment

Summary judgment is not "a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(C).  A court must not weigh the evidence, make credibility determinations, or draw inferences from the facts.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 255 (1986).  The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-252.  The Court must "view the evidence and draw any inferences in a light

most favorable to the party opposing summary judgment, but that party must identify sufficient evidence" that would justify judgment in favor of the non-movant. *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson*, 477 U.S. at 249-52).

### III. Issues and Analysis

#### A. *Defendants Are Entitled To Partial Summary Judgment On The Contract Claims*

Plaintiff contends that he was promised employment either by contract or by an enforceable oral promise. Based upon the undisputed evidence, I find that Defendants are entitled to summary judgment on these claims.

The agreements executed by the parties expressly provide that neither was effective or legally binding "until it has been reviewed and approved in writing by a Senior Vice President of [Hospital or] Facility's owner and by [Hospital or] Facility's Legal Counsel." This language is clear and unambigous. No ambiguity arises simply because the agreements provided for only two signatures – those of Dr. Schatz and McClintock. Moreover, there is no evidence that McClintock represented himself to be either a Senior Vice President or legal counsel for CMC. In fact, Dr. Schatz acknowledged in his deposition that he was aware that McClintock held neither of these positions.

The undisputed evidence establishes that approval was never given by the parties identified in the agreement. Moreover, Dr. Schatz' proposal of new terms and conditions belies his contention that an enforceable agreement had already been reached. Given the clear language that employment was conditioned on approval, Dr. Schatz' mere belief that McClintock was "the man" and "greenlighter" to getting him "in" is insufficient as a matter of law to establish a binding contract between the parties or to create an enforceable oral promise by estoppel. "When an

3

agreement is subject to approval by of a third party and that approval is not given, the agreement is not binding." *Dechert v. Allsup's Convenience Stores*, 104 N.M. 748, 750 (1986).  Where an express term of a contract provides one thing, it is unreasonable as a matter of law to rely on an oral representation to the contrary.  *Chavez v. Manville Prods. Corp.,* 108 N.M. 643, 646 (N.M. 1989); *see also Tiberi v. CIGNA Corp.,* 89 F.3d 1423, 1432 (10th Cir. 1996) (construing New Mexico law and holding doctrine of promissory estoppel not applicable where contract exists between parties).

### *B.  Issues of Fact Preclude Summary Judgment On Plaintiff's Misrepresentation Claims*

According to Plaintiff, McClintock told Plaintiff he could "override" any credentials committee decision and see to it that Plaintiff was granted privileges.  McClintock contends to the contrary.  Resolution of these contradictory versions requires weighing the evidence and making credibility determinations that are inappropriate on summary judgment.  Although it is a close question as to whether Plaintiff could have reasonably relied on the alleged representation, Plaintiff will be given the opportunity to prove that element of his claim at trial.

Wherefore,

**IT IS HEREBY ORDERED THAT** Defendants' Motion For Summary Judgment *(Doc. 47)* is GRANTED IN PART AND DENIED IN PART as set forth above.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent of the parties

4